UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON M. KENNEDY,

                              Plaintiff,

        v.

PIERCE COUNTY JAIL, et al.,

                              Defendants.

Case No. C22-5431-JCC-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Brandon Kennedy is a state prisoner currently incarcerated at Washington Corrections Center in Shelton, Washington.  Proceeding pro se and *in forma pauperis*, and while still incarcerated at Pierce County Jail, Plaintiff submitted to the Court for filing a proposed 42 U.S.C. § 1983 civil rights complaint. Dkt. 5.  He appears to name the following entities and individuals as Defendants:  Pierce County Jail; Pierce County Sherriff's Department; Pierce County Jail Medical, John Slowthower, and Subordinates; Chief Jackson and Jones of Pierce County Jail; and Pierce County Sherriff's Department Subordinates.  He raises numerous allegations associated with conditions at Pierce County Jail, including, but not limited to,

allegations that Defendants violated his own and others' Eighth, Sixth, and Fourteenth Amendment rights.  He seeks as relief the dismissal of the cases for which he is currently being held, that the issues at the jail he identifies be fixed, and monetary damages.

On July 13, 2022, the Court issued an Order Declining to Serve and Granting Leave to Amend.  Dkt. 6.  The Court identified deficiencies in the proposed complaint and granted Plaintiff leave to amend his complaint, if possible, to correct the deficiencies.  The Court noted that, if no amended complaint was timely filed, or if Plaintiff filed an amended complaint that failed to correct the identified deficiencies  the Court would recommend that this matter be dismissed.  On July 21, 2022, the Court received a letter from Plaintiff stating that, as of July 19, 2022, he would be housed at the Washington Corrections Center.  Dkt. 7.  However, the Order granting Plaintiff leave to amend had been mailed to Plaintiff six days before July 19, 2022 and was not returned to the Court as undeliverable.  To date, Plaintiff has not responded to the Court's Order.  The Court now recommends dismissal.

In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  A plaintiff pursuing a § 1983 claim must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009).  Also, pursuant to Federal Rule of Civil Procedure 8, a complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) and (d)(1).  In this case, although Plaintiff provides some details in setting forth his

1    various claims, he does not do so in every instance.  The Complaint lacks specific, plausible facts

2    to support each claim alleged.

3        Plaintiff's Complaint is also deficient in relation to the named Defendants.  First, Plaintiff

4    improperly names "Pierce County Jail" and "Pierce County Sheriff's Department" as

5    Defendants.  *See, e.g., United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J.,

6    concurring) (municipal police departments and bureaus are generally not considered "persons"

7    within the meaning of section 1983); *Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883, 802 P.2d

8    792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity

9    capable of being sued.").  *See also City of Seattle v. Dutton*, 147 Wn. 224, 226, 265 P. 729

10   (1928) (Seattle Parks Department "is not an entity separate and apart from the city" and

11   therefore, not subject to suit).[1]  Second, while naming three Pierce County Jail employees as

12   Defendants, *see* Dkt. 5 (naming John Slowthower, Chief Jackson, and "Jones"), Plaintiff does

13   not provide facts showing how those individuals caused or personally participated in causing the

14   harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (a

15   plaintiff in a § 1983 action must allege facts showing how individually named defendants caused

16   or personally participated in causing the harm alleged in the complaint), and *Taylor v. List*, 880

17   F.2d 1040, 1045 (9th Cir. 1989) (supervisory personnel may not be held liable for actions of

18   subordinates under a theory of vicarious liability).  Third, Plaintiff names as Defendants

19   unidentified "subordinates" at both Pierce County Jail and Pierce County Sheriff's Department,

20

21   [1] A municipality or other local governmental unit can be sued as a "person" under § 1983.
     *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  However, a
22   municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id*.  A plaintiff
     seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom"
     that caused his or her injury.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403
23   (1997) (citing *Monell*, 436 U.S. at 694).  In this case, as the Court advised in its Order declining service,
     Plaintiff does not name Pierce County as a defendant and does not identify a specific county "policy" or
     "custom" that violated his federal constitutional rights.

and "Medical" at Pierce County Jail, without any indication as to who those individuals are or where they could be served.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (the use of "John Doe" to identify defendants is disfavored), and Dkt. 6 at 4 (noting that, while the Court would permit the use of John Doe defendants until Plaintiff could identify them through discovery, he would ultimately be obliged to provide their names and addresses and that, without that information, the Court could not effect service).

The Complaint is problematic in two further respects.  First, Plaintiff repeatedly alleges that the named Defendants are violating both his constitutional rights and the constitutional rights of "others."  *See generally* Dkt. 5.   However, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Second, in asking that the cases for which he is being held be dropped "and not able to bring them up in the future", Dkt. 5 at 9, Plaintiff appears to seek relief in the form of the dismissal of his criminal charges and release from custody.  Where an individual seeks to challenge the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).  Dismissal of charges and release from custody are not available forms of relief under § 1983.

Because Plaintiff failed to respond to the Court's Order directing him to submit an amended pleading and because of the deficiencies described above, the Court now recommends the proposed complaint be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>**September 16, 2022**</u>.

Dated this 25th day of August, 2022.


<u>S. Kate Vaughan</u>
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5